### BENSON vs. MATHEWS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Credits or other writings not signed, endorsed on the back of a note or act,
which is in the possession of the creditor, and tend to liberate the debtor,
and are crossed out or erased, must be considered as entitled to credit.

An *erased* credit on a note in possession of the creditor, is not conclusive
proof of payment, but may be repelled by other proofs or presumptions to
show it was endorsed on the note erroneously.

So where two credits, one of four hundred dollars and one of three hundred
and eighty dollars, were endorsed on a note in the possession of the creditor,
and the former was erased, both endorsements appearing to be made on the
same day : Held, that the erasure was proper and the credit erroneously
endorsed, when on weighing the presumptions arising from all the circum-
stances of the case, they preponderate in favor of the creditor.

This is an action on a promissory note executed by the de-
fendant on the 15th January, 1824, to M. Wells, for one thou-
sand seven hundred dollars, with ten per cent. interest until
paid; who endorsed it to the plaintiff, deducting for credits

six hundred and sixty-eight dollars, credited the 20th January, 1825; three hundred and eighty dollars, the 26th April, 1826, and one hundred and twenty dollars, the 16th March, 1825, making in all one thousand one hundred and sixty-eight dollars. The plaintiff prays judgment for the balance, which he alleges is due on said note, and that certain slaves which were mortgaged to secure its payment be seized and sold to satisfy the same.

The defendant pleaded a general denial; and that he has made payments which more than extinguish the balance due on said note, viz: in February, 1827, he paid seven bales of cotton, worth three hundred and fifteen dollars, and in April, 1826, four hundred dollars, and that he transferred a judgment on Curtis's estate, amounting in principal and interest to six hundred and twenty dollars, making in all one thousand three hundred and thirty-five dollars, which leaves a balance of one hundred and sixty-seven dollars, of principal due him, for which and all accruing interest he prays judgment in re-convention.

The court after calculating interest and deducting payments, gave judgment in favor of the plaintiff for one hundred and ninty-four dollars and fifty-two cents, and interest from the time this balance was payable. The defendent appealed.

*Flint and Thomas,* for the plaintiff, submitted the case on a brief explanation.

*Winn, contra,* contended that a credit of four hundred dollars had been endorsed on the note, and was erased while the note was in the possession of the plaintiff and which must be allowed unless satisfactorily accounted for.

*Bullard, J.,* delivered the opinion of the court.

This suit was instituted by the plaintiff as endorser, to recover of the maker, an alleged balance due on his promissory note. He alleges in his petition, that there is a credit on the note, of three hundred and eighty dollars, paid on the 26th of April, 1826, together with other credits, and the

original note was annexed to the petition. The defendant admitted the execution and endorsement of the note, but denied that there is any balance due. He alleges, that on the 26th of April, 1826, he paid four hundred dollars, which has not been credited on the note, and that about the month of February, 1827, he paid seven bales of cotton, worth three hundred and fifteen dollars. That in fact he has, through error, overpaid the note, and he demands judgment in re-convention, for the amount thus overpaid.

On these issues the cause was tried below, and judgment having been rendered against the defendant, for a balance of about two hundred dollars, he appealed.

It was agreed, that the original note sued on, should be annexed to the transcript, and submitted to the inspection of this court. But it is not now before the court, although in his return to a *certiorari*, the clerk of the District Court, states, that it was sent up according to agreement. Under these circumstances, by consent of parties, we are authorised to examine the case upon its merits, according to the evidence in the record, dispensing with the original note, and even a copy of it.

One of the witnesses says, that there appears to be a credit on the note, for four hundred dollars, bearing date, April 26, 1826, which appears to have been erased, and that there is another credit on the note of the same date, for three hundred and eighty dollars.

It is contended, by the counsel for the appellant, that he is entitled to both these credits, unless the plaintiff satisfactorily accounts for the erasure, and that allowing that credit, the note has been overpaid, and he is entitled to recover back, in re-convention, the surplus.

The general principle appears to us well settled, and we need refer to no other, as we could to no higher authority than Pothier in support of it: " Quand même les écritures non signées qui sont au bas ou au dos d'un acte qui est en la possession du créancier, et qui tendent à la libération de ce qui est porté par cet acte seraient barrées, elles ne laisseraient pas de faire foi; car il ne doit être au pouvoir du créancier

Credits or other writings not signed, endorsed on the back of a note or act, which is in the possession of the creditor, and tend to liberate the debtor, and are crossed out or erased, must be considered as entitled to credit.

en la possession duquel est l'acte, ni moins encore en celui de ses héritiers en barrant cette écriture, de détruire la preuve du paiement qu'elle renferme." 2 *Pothier Ob. No.* 726.

This proof, in favor of the debtor, like most others, is not final and conclusive, but may be repelled by other proofs, either of facts or presumption, which tend to convince the mind, that the erased credit was in fact endorsed on the note erroneously, and that only three hundred and eighty dollars were paid on that day, instead of seven hundred and eighty dollars.

WESTERN DIST.
*October,* 1834.

BENSON
*vs.*
MATHEWS.

An *erased* credit in a note in possession of the creditor is not conclusive proof of payment, but may be repelled by other proofs, or presumptions, to show it was endorsed on the note erroneously.

The question, therefore, presented for the solution of the District Judge, and which we are called on to reverse, was one of fact alone, and we proceed to receive the evidence on both sides furnished by the record.

On the part of the defendant, he shows an acknowledgement on the back of the note, of two credits on the same day; it does not appear in whose hand writing: the one for four hundred dollars erased, and the other for three hundred and eighty dollars which is admitted in the petition.

On the part of the plaintiff, his attorney, sworn as a witness, says, that in his frequent conversation with the defendant, he never pretended to claim the amount credited and erased, and that since suit was brought, he contended that he had nearly paid the note. In the next place he has in his favor the presumption arising from the possession of the note, from the improbability of a note of seventeen hundred dollars, being so largely overpaid, from the fact, that afterwards, two other payments were made, the one in the transfer of a judgment against Curtis, and the other in seven bales of cotton. The presumption arising from the fact, that the creditor retained possession of the note is increased by another, to wit: that the payment was secured by a mortgage on certain property of the defendant, and he took no steps to cause the mortgage to be cancelled. The declaration of the defendant, that he had nearly paid the note, was a negative admission that it was not entirely paid. Few men are so careless as to forget the payment of four hundred dollars. The District Judge had before him the original paper, and could perceive

So where two credits, one of four hundred and one of three hundred and eighty dollars, were endorsed on a note, in the possession of the creditor, and the former was erased, both endorsements appearing to be made on the same day : *Held*, that the erasure was proper and the credit erroneously endorsed, when on weighing the presumptions arising from all the circumstances of the case, they preponderate in favor of the creditor.

whether the two credits were in the same hand writing, and whether the erasure was with the same colored ink, and therefore, probably made at the same time, merely to correct the amount of the credit, to which the defendant was entitled.

The defendant in his answer, alleges, that he paid four hundred dollars on that day, which has not been credited on his note, and at the same time, relies in support of his allegation, on the credit which is endorsed, and which had been erased.    Nothing is said in his answer about the erasure, and while he addresses himself to the conscience of his adversary, to obtain evidence of the payment of seven bales of cotton, delivered a year afterwards, he forbears to interrogate him on the subject of the more important item of four hundred dollars. After weighing these presumptions, the court below, rendered judgment in favor of the plaintiff, for a small balance, and according to the uniform rule of decision in this court, in matters of fact, we cannot say, that the judgment is clearly erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.